UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

| | | |
|---|---|---|
| KEYVETTE DANSBY,<br>(PLAINTIFF) | § § § § § | COMPLAINT |
| V. | § § § § § | Case No: 3:24cv419 |
| FIRSTSOURCE ADVANTAGE,<br>LLC<br>(DEFENDANT) | § § § § | JURY TRIAL DEMANDED |



## INTRODUCTION

COMES NOW the Plaintiff, Keyvette Dansby, bringing this civil action for actual, punitive, and statutory damages and costs against Defendant, FIRSTSOURCE ADVANTAGE, LLC., for violations of the Fair Credit Reporting Act, 15 USC § 1681 et seq. (Hereinafter "FCRA").

## VENUE AND JURISDICTION

Jurisdiction of this court arises under 15 USC § 1681(p), and 28 USC § 1331. Venue is proper in this judicial district pursuant to 28 USC § 1391(b)(1) and 28 USC § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff

claim occurred in this judicial district. Defendants transact business in, Richmond, Virginia.

The Court has supplemental jurisdiction of any state law claims pursuant to 28 USC § 1367.

## PARTIES

1. Plaintiff, Keyvette Dansby, is a consumer as defined under 15 USC § 1681a(c), residing in Richmond, Virginia.

2. Upon information and belief, FIRSTSOURCE ADVANTAGE, LLC, is a Ohio based corporation and can be served with process on C T CORPORATION SYSTEM at 4701 Cox Rd Set 285, Glen Allen, VA 23060 - 6808.

3. The acts of the Defendant as described in this Complaint were performed by the Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

*Existence of a Consumer Report*

4. On or about May 29, 2024, a consumer report pertaining to Plaintiff was generated and maintained by TRANSUNION, a consumer reporting agency as defined by 15 USC § 1681a(f).

*Defendant's Access to the Consumer Report*

5. In the report the Plaintiff observed an unauthorized inquiry from Defendant on June 23, 2022. *See Exhibit A*

*Lack of Permissible Statutory Purpose*

6. Defendant accessed Plaintiff's consumer report without a permissible purpose, as required by 15 USC § 168b(f).

7. Discovery will show the Plaintiff had no existing business relationship, contractual obligation, or any other transaction with Defendant that would allow for such an inquiry under 15 USC § 1681b(a)(3)(A) or any other provision.

8. Discovery will show that Defendant was neither retained by a creditor with whom Plaintiff had initiated a transaction nor involved in any collection activities pertaining to a debt initiated by Plaintiff, thus failing to establish a permissible purpose for accessing Plaintiff's consumer report.

9. Upon accessing Plaintiff's consumer report, Defendant did not take any follow-up actions, such as sending a collection notice, thereby indicating a lack of permissible purpose for the inquiry.

10. Discovery will show Plaintiff never initiated a consumer credit transaction with Defendants nor had an account with the Defendants.

11. Discovery will show Plaintiff never gave any consent to Defendants to access her consumer report.

*Requisite Mental State (Willfulness)*

12. Defendant was aware or should have been aware of their obligations under the FCRA to access consumer reports only for permissible purposes.

13. Discovery will show despite this knowledge, Defendant intentionally or recklessly disregarded their obligations under the FCRA and did not verify a purported debt or take other actions that would constitute a permissible purpose for accessing Plaintiff's consumer report.

14. Discovery will show Defendant's violation was not isolated but part of a pattern or practice, as evidenced by multiple consumer reports further demonstrating willfulness.

*Damages*

15. Plaintiff' injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of her rights was directed by Defendant to Plaintiff specifically.

16. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered emotional distress from the Defendants unauthorized access of her credit report.

17. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered an invasion of her privacy. This intrusion into the Plaintiff's personal information has caused a feeling of vulnerability, worry and anxiety which lead to sleeplessness and headaches.

18. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered fear and anger over the invasion of her privacy.

19. Plaintiff's injury is "particularized and "actual" in that the Plaintiff has suffered loss of time into research and learning to defend against the Defendants's invasion of privacy.

20. Plaintiff's injury is directly traceable to Defendant's conduct, Plaintiff would not have been deprived of her rights and would not have been subject to the emotional distress, anxiety, worry and invasion of privacy caused by Defendants actions.

21. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

22. A favorable decision herein would redress Plaintiff's injury with money damages.

23. A favorable decision herein would serve to deter Defendants from further similar conduct.

## COUNT 1: VIOLATION OF FCRA 15 USC § 1681b(f)

25. All preceding paragraphs are realleged.

26. On or about May 29, 2024, a consumer report pertaining to Plaintiff was generated and maintained by a consumer reporting agency as defined by 15 USC § 1681a(f).

27. Defendant accessed Plaintiff's consumer report on or about June 23 2022

28. Defendant accessed Plaintiff's consumer report without a permissible purpose as required by 15 USC § 1681b(f).

29. Plaintiff had no existing business relationship, contractual obligation, or any other transaction with Defendant that would allow for such an inquiry.

30. Defendant was neither retained by a creditor with whom Plaintiff had initiated a transaction nor involved in any collection activities pertaining to a debt initiated by Plaintiff, thereby failing to establish a permissible purpose for accessing Plaintiff's consumer report.

31. Defendant was aware or should have been aware of their obligations under the FCRA to access consumer reports only for permissible purposes.

32. Despite this knowledge, Defendant intentionally or recklessly disregarded their obligations under the FCRA and did not verify the purported debt or take other actions that would constitute a permissible purpose for accessing Plaintiff's consumer report.

33. Defendant's actions were not isolated but part of a pattern or practice, further demonstrating willfulness.

34. As a direct result of Defendant violation of 15 USC § 1681b(f), Plaintiff has suffered actual damages, is entitled to statutory damages, and punitive damages, as provided by 15 USC § 1681n(a) and 1681o.

## COUNT 2: INVASION OF PRIVACY

35. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here FIRSTSOURCE ADVANTAGE, LLC. is liable to Plaintiff for invading Plaintiff's privacy. Defendant intentionally intruded on Plaintiffs private affairs in a manner that would be highly offensive to a reasonable person.

36. Defendant invaded the privacy of the Plaintiff when they willfully accessed the Plaintiff's consumer report without permissible purpose.

37. Plaintiff suffered actual damages of invasion of privacy as a result of Defendant's intrusion.

## **JURY DEMAND AND PRAYER FOR RELIEF**

Wherefore, Plaintiff Keyvette Dansby, respectfully demands a jury trial and requests that judgment be entered in favor of the Plaintiff against the Defendant for:

A. Actual damages for invasion of privacy

B. Statutory damages of $1000.00

C. Potential punitive damages for violations of 15 USC § 1681b(f), as provided by 15 USC § 1681n(a) and 1681o.

D. Fees and costs for the filing of the action and time and energy expended to create the claim.

*K.NDansby 6/6/24*

Keyvette Dansby
2005 Binford Ln
(804) 306-3377
Richmond, VA 23223
dreamer89@icloud.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June of 2024, a true and correct copy of the *Complaint* is filed with the clerk of court, and mailed to Defendant, certified at: C T CORPORATION SYSTEM at 4701 Cox Rd Set 285, Glen Allen, VA 23060 - 6808.